Barnard, P. J.
The case presents no erroneous result and no erroneous ruling. The evidence is not returned and the merits of the case rest entirely upon the findings of the court. The facts are that the defendant, Cowper, owned a play called “Her Last Hope.” The plaintiff entered into an agreement with Cowper by which the plaintiff was to become sole manager for presenting the play to the public. Under this agreement, the play was to be furnished to the *718 plaintiffs, but as Cowper was an actor himself and was interested in presenting the play, the same was used by Cowper for the common interests, and the actual delivery was waived. This continued until the end of some six weeks after the play was produced. It is clear that the non-production of the play, thus far, did no harm. The purposes of a production was accomplished, and the actual production of it was waived. Then the parties made a new verbal agreement. Cowper agreed to rewrite the play, introduce a new act and call the new play ‘ ‘ Blackmail. ” This new agreement was never executed. The title to the play never was in the plaintiffs. They only had the right to cause its representation. After the six weeks’ trial term they could abandon the agreement or continue it. They continued it and the verbal agreement was made. The production of the play and its delivery to plaintiffs under the written agreement having been waived, a subsequent demand for its production gave no right to the plaintiffs to refuse to carry out the verbal agreement if it was binding. If it was not binding, there was nothing to call for the production of the play under the written agreement.
The judgment should be affirmed, with costs.
Dykman, J.
The record presented to us for the determination of this appeal consists of the. pleadings, the findings and refusals to find of the trial judge and the judgment from which the appeal is taken. Presuming support in the testimony for the findings of fact made by the trial judge we can make no advancement towards their examination, and must leave them to stand unimpeached and undisturbed. Upon the facts so found the conclusions of law and the judgment seem to follow as a natural result, and the opinion of the trial judge assigns sufficient reasons for his conclusions.
The judgment should be affirmed, with costs.
Pratt, J., concurs.